2001 OK 86

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Karen E. FAULK, Respondent.**

**No. SCBD–4647.**

Supreme Court of Oklahoma.

Oct. 8, 2001.

¶ 0 Order Approving Resignation from the Oklahoma Bar Association Pending Disciplinary Proceedings

¶ 1 This matter is before the Court pursuant to Rules 8.1 and 8.2, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A (RGDP), for consideration of the complainant's, Oklahoma Bar Association (OBA), application for an order approving respondent's, Karen E. Faulk (respondent), resignation from OBA membership pending disciplinary proceedings. Upon consideration of the OBA's application and the respondent's affidavit, we find:

1. Respondent executed her affidavit tendering her resignation as a member of the OBA pending disciplinary proceedings on September 19, 2001.

2. Respondent freely and voluntarily tendered her resignation, not being subjected to coercion or duress.

3. Respondent executed her resignation in conformity with Rule 8.1, RGDP, and she is fully aware of the consequences of submitting her resignation.

4. Respondent knows that the following six grievances are under investigation by the Office of General Counsel of the OBA:

(a) DC 98–247, alleging that respondent received settlement funds and did not immediately distribute the funds but used them for her own benefit.

(b) DC 98–289, alleging that respondent neglected a personal injury matter and did not forward the proceeds of the attendant settlement to the client until the OBA intervened.

(c) DC 00–084, alleging that respondent charged improper fees, lost an abstract, and neglected a client. Respondent did not respond to this grievance until subpoenaed by the OBA.

(d) DC 00–277, alleging that respondent participated in a fraud by her lawyer client by filing untruthful answers to interrogatories and permitting that client to testify untruthfully in a deposition. Respondent did not respond to this grievance until subpoenaed by the OBA.

(e) DC 01–087, alleging that respondent neglected a personal injury matter and converted funds received in settlement of the matter. The OBA alleged respondent did not timely respond to this grievance.

(f) DC 01–252, alleging that respondent neglected a matter and converted funds in settlement of the matter. Respondent has not responded to this grievance.

5. Respondent knows that the OBA has the burden of proof regarding the allegations set forth, however, respondent waives any and all right to contest the allegations.

6. Respondent knows that, if proven, the allegations set forth would constitute violations of Rules 1.3, 1.4(b), and 5.2, RGDP; and Rules 1.1, 1.3, 1.4, 1.5, 1.15, 3.3, 3.4, and 8.4, Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.1991, ch. 1, app. 3–A, as amended, and her oath as an attorney.

7. Respondent knows that the approval of her resignation is within the discretion of this Court.

8. Respondent is familiar with the provisions of Rule 9.1, RGDP, and agrees to comply with those provisions within twenty (20) days following the date of her resignation.

9. Respondent acknowledges and agrees that she may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that she may not apply for reinstatement prior to the expiration of five (5) years from the effective date of this Court's approval of her resignation.

10. Respondent acknowledges that, as a result of her conduct, the Client Security Fund may receive claims from her former clients. Respondent also agrees, that should the OBA approve and pay such claims, she will reimburse the Client Security Fund the principal amount and the applicable statutory interest prior to applying for reinstatement.

11. Respondent acknowledges that the OBA incurred investigation costs in the amount of $674.11.

12. Respondent's name and address appears on the OBA's official roster as: Karen E. Faulk, OBA No. 10802, 5030 N. May # 234, Oklahoma City, Oklahoma 73112.

13. A lawyer, who is the subject of an investigation into allegations of misconduct, may resign membership in the OBA by complying with the prerequisites for resignations set forth in Rule 8.1, RGDP. This Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed. A resignation under Rule 8 is the equivalent of disbarment. In the interest of conserving judicial resources, we approve respondent's resignation.

14. This Court's approval of respondent's resignation should be effective on the date of this order.

¶2 It is therefore **ORDERED** that complainant's application is approved and respondent's resignation is accepted and approved and respondent's right to practice law is relinquished.

¶3 It is further **ORDERED** that respondent's name be stricken from the Roll of Attorneys and that respondent make no ap-

plication for reinstatement to membership in the Oklahoma Bar Association before five years from the date of this order.

¶4 It is further **ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A, within twenty (20) days from the date of this order.

¶5 It is further **ORDERED** that respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to respondent's former clients for claims based upon respondent's alleged misconduct set forth herein.

¶6 It is further **ORDERED** that respondent pay investigation costs in the amount of $674.11 to the Oklahoma Bar Association within ninety (90) days from the date of this order.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 8th day of October, 2001.

HARGRAVE, C.J., WATT, V.C.J., and HODGES, LAVENDER, OPALA, KAUGER, BOUDREAU, and WINCHESTER, JJ., concur.

SUMMERS, J., not participating.