2006 OK 55

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Howard Steven MILLER, Respondent.**

SCBD No. 5084.

Supreme Court of Oklahoma.

June 29, 2006.

¶ 0 Order Approving Resignation from Oklahoma Bar Association Pending Disciplinary Proceedings and Imposing Costs.

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application for ruling on the record and application for an order approving the resignation of the respondent, Howard Steven Miller (Miller/respondent), pending disciplinary proceedings, the application reveals:

1) On May 16, 2006, following the commencement of a hearing before the Professional Responsibility Tribunal, the respondent submitted his written affidavit of resignation from membership in the Bar Association pending investigation of a disciplinary proceeding.

2) The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subjected to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation. The respondent states that although he is aware that the resignation is subject to the approval of the Oklahoma Supreme Court, he will treat it as effective on the date of filing.

3) The respondent states in his affidavit of resignation that he is aware of a formal complaint filed against him in this Court on July 5, 2005. The complaint

**426**

contains four counts. The first count involves multiple instances of the respondent's unauthorized practice of law while under suspension for failure to comply with mandatory continuing legal education requirements and misrepresentations associated therewith. Two counts deal with the respondent having accepted payments from clients, his failure to communicate and his inaction in the causes. The fourth count relates to his failure to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, while under suspension. Also noted in the complaint is the respondent's prior receipt of a private reprimand from the Professional Responsibility Commission. Rules 5.2 and 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A; Rules 1.1, 1.2, 1.3, 1.4, 1.7, 1.16, 3.3, 4.3, 4.4, 5.5 and 8.4, Rules of Professional Conduct, 5 O.S.2001 Ch.1, App. 3–A.

4) The respondent waives any and all rights to contest the allegations.

5) An attorney, who is the subject of an investigation into, or a pending proceeding involving allegations of misconduct, may resign membership in the Oklahoma Bar Association by complying with the prerequisites for resignation set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A. In response, the Supreme Court may enter an order approving the resignation or, in the alternative, may refuse to approve the resignation and allow the Professional Responsibility Commission to proceed.

6) The respondent's resignation pending disciplinary proceedings is in compliance with all of the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and it should be approved.

7) The official roster address of the respondent as shown by the Bar Association records is: 6205 E. 100th St., P.O. Box 55424, Tulsa, Oklahoma 74155–1424.

8) The respondent has acknowledged that he will pay the agreed costs of $706.87 prior to the filing of any application for reinstatement. Supplemental costs requested by the Bar Association in its application to assess costs should not be imposed.

9) The respondent acknowledges that: a) his actions may result in claims against the Client Security Fund and agrees to reimburse the Fund for any disbursements made because of his actions prior to the filing of any application for reinstatement; and b) he has familiarized himself with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A with which he agrees to comply within twenty (20) days following the date of his resignation.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the resignation of Howard Steven Miller pending disciplinary proceedings be approved. Costs of the proceeding in the amount of $706.87 are imposed.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT the name of Howard Steven Miller be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the respondent may not make application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, the respondent shall notify all of his clients having legal business pending with him within twenty (20) days, by certified mail, of his inability to represent them and of the necessity for promptly retaining new counsel. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the respondent shall be a condition of reinstatement along with the payment of $706.87 as costs incurred in the disciplinary proceeding.

¶4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 29th DAY OF JUNE, 2006.

/s/ Joseph M. Watt
CHIEF JUSTICE

LAVENDER, HARGRAVE, OPALA, KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ., concur.

WINCHESTER, V.C.J., concurring in part and dissenting in part:

¶1 I would order the respondent to pay the additional costs incurred.