(b) and any fees or funds are owed by respondent to clients and the amount owed.

10. Respondent acknowledges that as a result of his conduct:

(a) the Client Security Fund may receive claims from his former clients;

(b) the Oklahoma Bar Association will attempt to contact respondent or his attorney for a response; and

(c) the Client Security Fund Committee may recommend payment be made to the claimant from the Client Security Fund.

Respondent agrees that should the OBA approve and pay such Client Security Fund claims, respondent will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

11. Respondent acknowledges that the Oklahoma Bar Association has incurred costs in the investigation of these matters in the amount of $645.38 and respondent agrees to pay those costs to the Oklahoma Bar Association within ninety (90) days from the date he tendered his resignation.

12. Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as follows: Eddie D. Ramirez, 9149 S. Yale Avenue, Ste. 206, Tulsa, Oklahoma

74137–1802. Respondent was admitted to the practice of law on October 16, 1985 and his bar number is 11479.

¶2 **IT IS THEREFORE ORDERED** that complainant's application and respondent's resignation be approved.

¶3 **IT IS FURTHER ORDERED** that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶4 **IT IS FURTHER ORDERED** that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.

¶5 **IT IS FURTHER ORDERED** that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 20TH DAY OF FEBRUARY, 2007.

/s/ James Winchester
   CHIEF JUSTICE

ALL JUSTICES CONCUR.

2007 OK 13

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Johnie Ray O'NEAL, Respondent.**

**Nos. SCBD–5164, OBAD–1683.**

Supreme Court of Oklahoma.

March 13, 2007.

¶ 0 Order Approving Resignation Pending Disciplinary Proceedings.

¶ 1 Upon consideration of the complainant's, Oklahoma Bar Association (Bar Association), application pursuant to Rule 8.2 of the Rules Governing Disciplinary Proceedings (5 O.S.2001 Ch. 1, App. 1–A), for an order approving the resignation of the respondent, Johnie Ray O'Neal, pending disciplinary proceedings, the application and resignation reveal the following.

¶ 2 On February 27, 2007, the respondent filed with this Court his affidavit of resignation from membership in the Bar Association pending disciplinary proceedings.

¶ 3 The respondent's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting the resignation.

¶ 4 The affidavit of resignation states respondent's awareness of the Complaint and Amended Complaint pending against him in this proceeding and his history of professional discipline.

¶ 5 The Complaint in S.C.B.D. No. 5164 states that:

(a) Count One: Jerry DeWitt paid $150.00 to respondent and retained respondent to represent him after he was arrested for Driving Under the Influence. Respondent failed to appear at DeWitt's preliminary hearing, but according to Respondent communicated to the clerk of the assigned judge that he would not be present. After obtaining a continuance of the date for the preliminary hearing the respondent appeared on the scheduled date, filed an entry of appearance on behalf of DeWitt, and obtained a continuance of the hearing. Respondent failed to appear at the preliminary hearing because he had been shot in the back during a robbery at the respondent's home the day before the hearing. The preliminary hearing was continued to the following month, respondent failed to appear, and the hearing was passed for another month to December 14, 2004. A

few days prior to that date respondent and DeWitt met and respondent was paid an additional $130.00, and respondent noted the scheduled hearing date on the receipt he gave DeWitt. Respondent failed to appear at the December 14th preliminary hearing. The assigned Judge advised DeWitt to obtain another attorney. Prior to the hearing respondent faxed a letter to the assigned judge and an Assistant District Attorney requesting them that he be allowed to withdraw from DeWitt's case and several other cases. Respondent never discussed withdrawing from DeWitt's case with DeWitt prior to respondent's letter. DeWitt obtained another attorney to represent him. On January 3, 2005, DeWitt wrote a letter to respondent requesting a refund of the $280.00 DeWitt had paid respondent. Respondent replied to the letter explaining why respondent withdrew from DeWitt's case and the work respondent had completed. DeWitt filed a grievance with the Oklahoma Bar Association and respondent replied to the grievance. The Bar Association alleged that Respondent's conduct violated Rules 1.1, 1.3, and 1.4 of the Oklahoma Rules of Professional Conduct, 5 O.S.2001 Ch. 1, App. 3–A, as amended.

(b) Count Two: Clayton Kidd retained respondent in December 2004 to represent Kidd on drug charges in Tulsa County. Respondent appeared with Kidd at his arraignment and the preliminary hearing was set for February 8, 2005. Respondent failed to appear at the preliminary hearing and it was continued to February 22, 2005. Respondent did not communicate with Kidd at any time during this period. Respondent failed to appear at the hearing on February 22nd. The docket entry for that hearing reflects that Kidd stated to the court that he had made repeated telephone calls to O'Neal and had been unable to make contact with O'Neal. It also shows that the clerk was required to phone O'Neal requesting that he contact the court regarding his presence for Kidd, and the hearing was continued March 8, 2005.

Respondent appeared late for the preliminary hearing on March 8th and it was continued to March 22, 2005, at O'Neal's request. On March 22, 2005, respondent failed to appear at the preliminary hearing and he failed to communicate with Kidd. The next day Kidd dismissed respondent and retained a new attorney. On April 9, 2005, Kidd filed a grievance wit the Oklahoma Bar Association. On April 13, 2005, the Bar Association requested a response from respondent, but he failed to respond to the grievance. Two months later the matter was referred to the General Counsel's Office of the Bar Association, and after requesting an extension of time, respondent replied to the grievance. Respondent stated various reasons for not attending the preliminary hearings, including attending simultaneously scheduled hearings, not being paid, and his client not providing a witness as previously claimed by the client. The Bar Association alleged that respondent's conduct violated Rules 1.1, 1.3, 1.4. and 3.2 of the Oklahoma Rules of Professional Conduct, 5 O.S.2001 Ch. 1, App. 3–A, as amended.

(c) Enhancement: On February 27, 1998, Respondent received a private reprimand from the Professional Responsibility Commission. The reprimand involved violations of Rule 8.4(b), Oklahoma Rules of Professional Conduct, and Rule 1.3, Rules Governing Disciplinary Proceedings. Respondent was arrested and subsequently charged in Tulsa County with three counts of Attempting to Obtain a Controlled and Dangerous Substance by Use of a Forged Prescription. Respondent received both in-patient and out-patient treatment, successfully completed the Tulsa County Drug Court Program, and the charges against respondent were dismissed.

¶ 6 The Amended Complaint in S.C.B.D. No. 5164 states that:

(a) Count Three: Respondent was hired by Alvis Higgins to review materials relating to Higgins' criminal conviction and

represent him in a habeas corpus proceeding. Higgins' sister-in-law paid respondent $500.00 to represent Higgins and she provided respondent with records from Higgins' criminal proceeding. Thereafter respondent failed to communicate in any way with Higgins, Higgins' sister-in-law, or Higgins' wife. Respondent did not return the numerous telephone calls of Higgins' wife and sister-in-law. Upon receiving a grievance from Higgins, the Bar Association requested the respondent to respond within twenty days. Respondent requested an additional ten days to respond, but failed to timely respond to the grievance. Several weeks later he responded to the grievance and stated that he had returned the materials provided by Higgins' family five days after receiving the Higgins' grievance. When the Amended Complaint was filed with the Supreme Court, the respondent had not responded to the original Complaint filed with the Supreme Court several weeks earlier. The Amended Complaint alleges that respondent violated Rule 1.1, 1.3, 1.4, and 3.2 of the Oklahoma Rules of Professional Conduct and Rule 5.2 of the Rules Governing Disciplinary Proceedings.

¶ 7 The resignation states that the respondent is aware that the allegations against him, if proven, would constitute violations of Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A, and Rules 1.1, 1.3, 1.4, 3.2 and 8.4(b) of the Rules of the Oklahoma Rules of Professional Conduct, 5 O.S.2001 Ch. 1, App. 3–A, and his oath as an attorney. The respondent acknowledges that he has not filed a response to the Complaint or Amended Complaint filed in this Court as required by Rule 6.4 of the Rules Governing Disciplinary Proceedings. Respondent states that he is aware that the burden of proof rests upon the Bar Association, and that he waives his right to contest the allegations made against him.

¶ 8 The resignation states that the respondent is aware of the requirements of Rule 9.1, of the Rules Governing Disciplinary Proceedings, and shall comply with that Rule.

¶ 9 The respondent states that he is aware that he may make no application for reinstatement prior to the expiration of five years from the effective date of the order approving his resignation, and that reinstatement requires compliance with Rule 11 of the Rules Governing Disciplinary Proceedings. *See* 5 O.S.2001 Ch. 1, App. 1–A, Rule 8.2, Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Bourland,* 2001 OK 12, 19 P.3d 289; *In re Reinstatement of Hird,* 2001 OK 28, 21 P.3d 1043.

¶ 10 The respondent acknowledges that he must surrender his Oklahoma Bar Association membership card to the Office of the General Counsel contemporaneously with his resignation.

¶ 11 The respondent acknowledges that he must cooperate with the Office of the General Counsel by providing current contact information and identifying active cases wherein client documents and files should be returned to the client or forwarded to new counsel, and that he must cooperate in providing fees or funds owed by the respondent to his clients and determining the amount of those fees and funds.

¶ 12 The respondent states that he is aware that the Clients' Security Fund may receive claims from his former clients, and that he shall pay to the Oklahoma Bar Association, prior to reinstatement, those funds, including principal and interest, expended by the Clients' Security Fund for claims against him. *See* 5 O.S.2001 Ch. 1, App. 1–A, Rule 11.1(b), Rules Governing Disciplinary Proceedings; *State ex rel. Oklahoma Bar Association v. Heinen,* 2003 OK 36, ¶ 9, 84 P.3d 708, 709.

¶ 13 The application for approval of respondent's resignation filed by the Bar Association states that it has incurred costs in the investigation of respondent in the amount of $161.36. Respondent's resignation acknowledges these costs, and he states that he will reimburse the Oklahoma Bar Association. When professional discipline is imposed, costs may be awarded against a respondent. 5 O.S.2001 Ch. 1, App. 1–A, Rule 6.16, Rules Governing Disciplinary Proceed-

ings. Resignation pending disciplinary proceedings is tantamount to a disbarment. *State ex rel. Oklahoma Bar Association v. Miller*, 2006 OK 55, ¶ 3, 142 P.3d 425, 426; *State ex rel. Oklahoma Bar Association v. Erbar*, 1995 OK 1, 895 P.2d 291. We have ordered respondents to pay costs when we have approved resignations pending disciplinary proceedings. See, e.g., *State ex rel. Oklahoma Bar Association v. Faulk*, 2001 OK 86, ¶ 6, 37 P.3d 809, 811. The application by the Bar Association for assessment of costs in the amount of $161.36 is granted.

¶ 14 The official roster name and address of the respondent is Johnie Ray O'Neal, O.B.A. No. 6782, 5021 E. 4th St., Tulsa, OK 74112–1417.

¶ 15 IT IS THEREFORE ORDERED that the application by the Bar Association and O'Neal's resignation be approved.

¶ 16 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.

¶ 17 IT IS FURTHER ORDERED that respondent shall pay costs in the amount of $161.36 to the Oklahoma Bar Association within ninety (90) days of the effective date of this order.

¶ 18 IT IS FURTHER ORDERED that if any funds of the Clients' Security Fund of the Oklahoma Bar Association are expended on behalf of respondent, he must show the amount paid and that the same has been repaid, with interest, to the Oklahoma Bar Association to reimburse such Fund prior to reinstatement.

¶ 19 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 12th DAY OF MARCH, 2007.

/s/ James R. Winchester
  CHIEF JUSTICE

¶ 20 ALL JUSTICES CONCUR.